IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-192-RAH-JTA |
| | ) | (WO) |
| ADRIAN, both as an individual and as an | ) | |
| employee of Circle K Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the court is the Complaint (Doc. No. 1) filed by frequent[1] *pro se* Plaintiff

Peter J. Smith, who is proceeding *in forma pauperis*. For the reasons stated below, Smith

is ordered to amend his Complaint in accordance with this Order.

---

[1] As of the date of this Recommendation, Smith has filed forty-seven cases in this court. "In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-CV-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23CV67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). "A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two." *Id.* at n.4. Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction. *See Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v.*

# I.    STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

*RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(1) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

The term "frivolous" as used in § 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable

4

facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc*., 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id*.; *see also Nezbeda v. Liberty Mut. Ins. Corp*., 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one

opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   DISCUSSION

Plaintiff Peter J. Smith has filed numerous lawsuits against Circle K and its employees,[2] including Defendant Adrian,[3] several of which are currently pending in this district. In this particular case, Smith's Complaint, in full, is as follows:

(1) Amount in question exceeds $ 20[.00]

---

[2] *See, e.g.*, *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA (seeking "$350 million" in damages because the defendant yelled at Smith "from across the store" and accused Smith of being unable to read); *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (seeking $200,000,000.00 in damages in a case arising out of an incident in which the defendant told Smith he was not allowed in the Circle K store anymore, refused to sell to Smith, yelled at him, and told him to put back items that he had selected; the case was dismissed for failure to comply with court orders); *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA (seeking damages in the amount of "$1 Billion as well as pain and suffering" and punitive damages for creation of a "hosstile (sic) shopping environment," two separate alleged assaults on Smith by Circle K employees (one of which was not committed by the defendant), defamation, witness tampering, gender, age, and race discrimination, "[c]onspiracy to commit bodily harm on Law Enforcement," and "[c]onspiracy to commit bodily harm on a picensed (sic) paralegal"); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00078-MHT-JTA (seeking damages in the amount of "$350 million" in a complaint arising out of an alleged incident in which Smith was sitting at a table at Circle K after purchasing an item and Circle K employee Amy Willard asked him to leave the store; the incident occurred on a "Thursday afternoon prior to 6:00 p.m." when "everyone knew about the bad weather come[]ing on that Friday"; Smith has been ordered to amend his Complaint in this case because he failed to state a claim upon which relief can be granted); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA (in which Plaintiff sought $251,000,000.00 in compensatory damages arising from an incident in which Willard "sprayed an unknown chemical substance" near Smith and refused to check out his items at her register, though another employee at another register checked his items out; the case was dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00022-RAH-KFP (seeking $250,000,000.00 in damages on a claim that Circle K employee Willard refused to serve Smith and instead called police to escort him from the store, allegedly in retaliation for previous lawsuits and on the basis of race and gender; the case was dismissed for failure to comply with court orders); *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB (seeking $202,000,000.00 in damages on claims arising out of a dispute that originated when a store employee offered Smith cooked food which then led to an incident in which store employees allegedly refused to sell him water and a newspaper and instead called the police, and also arising out of a separate incident concerning a dispute over whether Smith was entitled to a free bottle of water; case was dismissed for lack of jurisdiction).

[3] Defendant is simply named as "Adrian, both as an individual and as an employee of Circle K Inc." (Doc. No. 1 at 1.) Smith does not supply Adrian's full name, so it is not clear whether "Adrian" is a first or last name. Because Defendant Adrian's gender is not stated in the Complaint, gender neutral pronouns will be used.

(2) Peter J. Smith [address and telephone number redacted]

(3) Circle K = [telephone number and address on Madison Avenue in Montgomery, Alabama redacted]

4). Date = 3-1-2023

(5) Continued on next page

5) Creating a hostile shopping environment Defamation and retaliation. Discrimination due to race, age and gender. A pattern and or practice of harassment against food stamp recipients. Federal witness tampering. Emotional distress.

I was yelled at by Circle K employee Adrian from across the store. I was accused of not being able to read. I have 3 college degrees from the Auburn University System, which includes two locations. The main campus in Auburn, Alabama and the Montgomery, Alabama location which I graduated from. This location is called Auburn University at Montgomery (AUM). Defamation.

(Doc. No. 1 at 1-2 (sic).)

Among other things, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While it is short and plain, Smith's Complaint fails to show that he is entitled to relief. Simply rattling off the names of some federal causes of action (and other things like "federal witness tampering" and "harassment against food stamp recipients" that are not recognized federal causes of action but sound sort of official) is not sufficient to state a cause of action over which federal question subject matter exists. *Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). As Smith well knows, the Complaint must state *facts* establishing that the pleader is entitled to relief. *Twombly*,

550 U.S. at 555 (holding that a complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Notably, the Complaint contains no factual allegations to substantiate Smith's contentions that Adrian's motives were discriminatory or otherwise allegedly unlawful or actionable.[4] At present, all that is known from the alleged facts is that Adrian, a Circle K employee, yelled at Smith and accused him of not being able to read.

Yelling at someone and accusing them of being unable to read, without more, and no matter how rudely the yelling is performed, is not unlawful discrimination. There must be facts alleged from which discriminatory or otherwise unlawful intent may be inferred. *See Smith v. Eike*, No. 2:12CV85-MHT, 2013 WL 639187, at *6 (M.D. Ala. Jan. 9, 2013), *report and recommendation adopted*, No. 2:12CV85-MHT, 2013 WL 639134 (M.D. Ala. Feb. 20, 2013) (stating, in a case in which Smith alleged that he was asked to leave a food establishment after purchasing food: "[e]vidence of discriminatory *intent* is required to establish a *prima facie* case of race discrimination, … therefore, the mere fact that the [defendant] is of a different race than Smith, without more, is not sufficient to establish a *prima facie* case" (citing *Hall v. Ala. Ass'n of School Bds.*, 326 F.3d 1157, 1167 (11th Cir.

---

[4] Smith does not even provide any information as to the alleged basis on which Adrian was retaliating against him; thus, it is not possible to tell from the Complaint whether Adrian's alleged retaliatory act could give rise to an actionable claim for retaliation over which this court has jurisdiction.

2003)) (emphasis in original)). For another thing, simply yelling at someone or being rude to them on a single occasion does not establish "a pattern and practice of harassment" as alleged in the Complaint. *Cf. Amos v. Mobile Cnty. Health Dep't*, 767 F. Supp. 2d 1257, 1272 (S.D. Ala. 2011), aff'd, 460 F. App'x 893 (11th Cir. 2012) (stating in the context of an employment discrimination case that, "[u]npleasant and undeserved though it may be, a supervisor's 'yelling' or 'fussing' is not an adverse employment action. Title VII is not a general civility code.").

Further, a claim for defamation under Alabama law requires more than just the yelling of a false[5] statement directed at the plaintiff. "The elements of a cause of action for defamation in Alabama are: 1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication of that statement to a third party, 3) fault amounting at least to negligence on the part of the defendant, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *Forte v. City of Montgomery*, 420 F. Supp. 3d 1239, 1244 (M.D. Ala. 2019) (citing *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003)). The facts alleged by Smith are not sufficient to establish that he can meet every element of a defamation claim under Alabama law. For example, he fails to allege that he was harmed by the accusation of his illiteracy being published to a third party.

For these reasons, the Complaint as it currently stands is subject to dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure, *Twombly*, *Iqbal*, and §

---

[5] As Smith has demonstrated in his long tenure as a vexatious litigant in this Court, he is capable of reading.

1915(e)(2)(B)(i)-(ii). Hence, Smith will be allowed one opportunity to amend his Complaint to state a claim upon which relief can be granted.

Smith's persistent pattern of filing vexatious, meritless complaints (many of which he subsequently abandons) against individuals who have allegedly treated him uncivilly or in a manner he personally finds offensive or disrespectful is not harmless. "Civil rights laws were not intended to be a 'civility code,'" *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Moreover, "[l]awsuits are not vehicles for avenging one's pride or for venting indignation at a perceived insult or moral failing; they are for addressing a *legal* wrong." *Lietzke v. City of Montgomery, Ala*., No. 2:21-CV-207-ECM-JTA, 2023 WL 3937427, at *4 (M.D. Ala. June 9, 2023) (emphasis in original). "Neither are *in forma pauperis* lawsuits cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall." *Id*. Smith is therefore advised that his Amended Complaint will be subject to review under § 1915(e)(2)(B), and he is further advised that, in determining whether the Amended Complaint is frivolous and malicious, the court can consider his history of filing unmeritorious cases. *Bilal*, 251 F.3d at 1350 (affirming dismissal of an apparently meritless amended complaint pursuant to 1915(e)(2)(B) where, among other things, "[t]he district court was all too familiar with Plaintiff's repetitive and trifling litigation tactics," which included filing "forty-three other civil rights cases, twenty-eight of which had been dismissed as frivolous or malicious"). Also, the action may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) if the court finds that the Amended Complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ*., 829 F. App'x 474, 477 (11th Cir. 2020).

Further, in light of Smith's litigation history, he is reminded that, in filing his Amended Complaint, he is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, which provides, among other things, that,

> [b]y presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

"Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990-91 (11th Cir. 2015). "Time spent addressing … frivolous cases is time diverted from meritorious litigation." *Lietzke*, 2023 WL 3937427, at *4. "'Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge.'" *Id*. (quoting *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (alterations in original)). "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that

failing to do so will result in dismissal with prejudice, continue in their recalcitrance."
*Nurse*, 618 F. App'x at 991. Therefore, an Amended Complaint that Smith knows or should know is meritless, frivolous, or vexatious will subject Smith to sanctions, including monetary sanctions, dismissal of this case with or without prejudice, or other appropriate measures designed to deter vexatious litigation. Failure to comply with the instructions in this Order will also subject Smith to sanctions.

Finally, as he already well knows, Smith is again reminded that this is <u>his</u> lawsuit, and it is <u>his</u> duty to comply with court orders and stay abreast of developments in the case. *See Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 8 n.9) ("Smith is responsible for staying informed on the status of his cases."), *recommendation adopted*, August 29, 2023 Order of the United States District Judge (Doc. No. 9). On July 3, 2023, Smith filed a notice that his post office box was closed, and that he hoped to have the issue resolved "sometime in July of 2023 if not before then." (Doc. No. 8 at 1.) Smith is aware that he is not receiving mail sent to his address of record. (*Id*.) Accordingly, any failure to receive this Order does not excuse him from timely complying with it, as he knows that he is responsible to stay informed of the status of his cases, knows that he is not receiving mail, resides in the area, and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court. As noted in a previous action:

> Smith has numerous cases currently pending before this court. If he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of

justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court.

*Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 9) (footnote omitted).

## III.    CONCLUSION

Accordingly, it is ORDERED as follows:

1.    **On or before September 22, 2023,** Smith shall file a notice with the court updating his mailing address <u>or</u> informing the court that he has not yet obtained a new mailing address and providing available contact information, if any.

2.    **On or before September 22, 2023**, Smith shall file an Amended Complaint. The Amended Complaint shall be a simple, concise statement of Smith's claims, including the following:

      a.    Smith must set out in separately numbered paragraphs a short and plain statement of the basis for the court's jurisdiction and sufficient facts demonstrating why the court has jurisdiction.

      b.    Smith must set out in separately numbered paragraphs a short, plain statement of the facts on which he bases the claims in the amended complaint. To the extent possible, for each alleged wrongful act of each Defendant, Smith should include the date(s) of the alleged wrongful act, a description of the alleged wrongful act, the names of those who allegedly participated in the alleged wrongful act, and the facts supporting Smith's contention that the wrongful act gives rise to a legally cognizable cause of action.

    c.      Smith must set out his legal claims (causes of action) in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

    d.      Smith shall state plainly the relief requested from the court.

    e.      The Amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10.[6]

    f.      Smith shall sign and file the Amended Complaint in accordance with Rules 11(a) and 11(b) of the Federal Rules of Civil Procedure.

    3.      As an alternative to complying with paragraph 2. above, if Smith wishes not to file an Amended Complaint and to pursue this action no further, then, he shall not simply fail to comply with this order. If he no longer wishes to pursue this case, then, **on or before September 22, 2023,** he shall file a notice informing the court that he wishes to dismiss this lawsuit. Whether or not Smith chooses to pursue this action, he shall still comply with the requirements of paragraph 1. above, which requires him to file a notice regarding his updated contact information.

    ***Smith is advised that failure to strictly comply with this Order may constitute grounds for sanctions, including monetary sanctions, dismissal of this action with or***

---

[6] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

**without prejudice for failure to prosecute this case and for failure to comply with the court's orders, or other sanctions reasonably tailored to ensure compliance with court orders and deter frivolous litigation.**

DONE this 8th day of September, 2023.

_Jerusha J. Adams_

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE