IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-192-RAH-JTA |
| | ) (WO) |
| ADRIAN, both as an individual and as an | ) |
| employee of Circle K Inc., | ) |
| | ) |
| Defendant. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is the Complaint (Doc. No. 1) filed by frequent[1] *pro se* Plaintiff Peter J. Smith, who is proceeding *in forma pauperis*. For the reasons stated below, it is the

---

[1] As of the date of this Recommendation, Smith has filed forty-nine cases in this court. "In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-CV-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23CV67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). "A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two." *Id*. at n.4. Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction. *See Smith v. Circle K Inc., et al.*, 2:23-cv-00578-ECM-CWB; *Smith v. Circle K Inc., et al.*, 2:23-cv-00576-MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-

RECOMMENDATION OF THE MAGISTRATE JUDGE that the Complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket.

## I. STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant

---

cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

to Rule 41(b)[2] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)).[3]

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id.* at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is

---

[2] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[3] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520. Extreme circumstances justifying dismissal with prejudice "must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id*. (citations omitted).

## II. DISCUSSION

Plaintiff Peter J. Smith has filed numerous meritless lawsuits against Defendant Adrian,[4] a Circle K employee. In this particular case, Smith's Complaint, in full, is as follows:

(1) Amount in question exceeds $ 20[.00]

(2) Peter J. Smith [address and telephone number redacted]

(3) Circle K = [telephone number and address on Madison Avenue in Montgomery, Alabama redacted]

4). Date = 3-1-2023

---

[4] Defendant is simply named as "Adrian, both as an individual and as an employee of Circle K Inc." (Doc. No. 1 at 1.) Smith does not supply Adrian's full name, so it is not clear whether "Adrian" is a first or last name. Because Defendant Adrian's gender is not stated in the Complaint, gender neutral pronouns will be used.

4

>   (5) Continued on next page
>
>   5) Creating a hostile shopping environment Defamation and retaliation. Discrimination due to race, age and gender. A pattern and or practice of harassment against food stamp recipients. Federal witness tampering. Emotional distress.
>
>   I was yelled at by Circle K employee Adrian from across the store. I was accused of not being able to read. I have 3 college degrees from the Auburn University System, which includes two locations. The main campus in Auburn, Alabama and the Montgomery, Alabama location which I graduated from. This location is called Auburn University at Montgomery (AUM). Defamation.

(Doc. No. 1 at 1-2 (sic).)

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In an Order entered September 8, 2023, the undersigned explained to Smith why his Complaint did not meet the requirements of Rule 8(a) and did not state a claim upon which relief can be granted. (Doc. No. 10.) The undersigned ordered Smith to file, on or before September 22, 2023, an Amended Complaint that complies with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure. (*Id*. at 10-11.) In lieu of filing an Amended Complaint, Smith was offered the alternative of filing written notice, on or before September 23, 2023, that he wished to dismiss the lawsuit. (*Id*. at 11.)

In violation of the September 8, 2023 Order,[5] Smith filed neither an Amended Complaint nor a Notice of Dismissal. The undersigned further noted Smith's familiarity

---

[5] The Order warned Smith that "he shall not simply fail to comply with this Order," and made clear that he was to file *either* an Amended Complaint or a Notice of Dismissal. (Doc. No. 10 at 15.)

with the requirement that he comply with court orders and reminded him again of that obligation and of the consequences for failing to do to. (*Id*. at 13, 15-16.) Therefore, the original Complaint remains the operative pleading and, for the reasons stated in the September 8, 2023 Order (Doc. No. 10), that Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

In addition, the case is due to be dismissed with prejudice for Smith's failure to comply with court orders and in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket. As one of the most notoriously, persistently, and intransigently prolific filers of meritless[6] *in forma pauperis* cases in this court's history, Smith is cognizant of the necessity of complying with court orders and of the consequences of noncompliance, as is evident from the many orders entered in many cases warning him of that fact, the dismissal of numerous cases he previously filed for failure to comply with court orders,[7] and the orders entered in

---

[6] Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. Some were dismissed for other reasons, such as lack of jurisdiction.

[7] The following list merely provides some examples and is not intended to be an exhaustive list of the cases filed by Smith that were dismissed for failure to comply with court orders: *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA (after Smith failed to comply with orders to file a corrected *in forma pauperis* motion and subsequent orders to pay the filing fee, the action was dismissed for failure to comply with the court's orders, and alternatively, in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket); *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA (dismissed for failure to comply with court orders and failure to prosecute); *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA (claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) after Smith failed to comply with an order to amend his complaint); *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC (dismissed for failure to state a claim and failure to comply with court orders; the complaint was a shotgun complaint and, after being granted three motions for extension of time, Plaintiff had not complied with the order to amend the complaint); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB (dismissed

this case (Docs. No. 5, 10) warning him of the consequences of failure to comply with the court's Orders.

Smith is responsible for an increasingly disproportionate share of this district's caseload. If, in his frequent cases, he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court. "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). Smith cannot simply disregard court orders at his whim.

The court has considered the range of sanctions available for enforcement of its orders and finds that no sanction but dismissal will suffice in this case. Smith has engaged in willful delay and a pattern of contumacious disregard of the court's orders. To no avail, the court has already offered Smith an opportunity to comply; further opportunities would

---

with prejudice prior to service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)); *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM (dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC (dismissed without prejudice for failure to state a claim and for failure to comply with the court's orders; appeal dismissed for failure to pay the docketing fees).

be a waste of judicial resources. Smith contends that he is an indigent plaintiff, so it is unlikely the court could extract a monetary penalty from him. In any event, the case cannot proceed without his cooperation. Dismissal is the only feasible sanction.

Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Smith to escape any consequence for failing to comply with the court's orders by allowing him a chance to refile his Complaint in a new action. Smith was warned of the consequence of dismissal with prejudice, and, because he is entitled to object to this Recommendation, he will have an opportunity to explain to the District Judge any reason why he feels that his conduct does not merit dismissal with prejudice.

In sum, this case is due to be dismissed with prejudice because lesser sanctions would not suffice. *See*, *e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming a dismissal of a *pro se* litigant's case for failure to comply with court orders and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Wilson v. Sec'y, Fla. Dep't of Corr.*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1667566, at *1 (N.D. Fla. Mar. 17, 2022), *report and recommendation adopted*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1664066 (N.D. Fla. May 25, 2022) (dismissing a complaint for failure to pay the filing fee upon a finding that the plaintiff's failure to comply with orders to do so and noting that "any sanction short of dismissal will not remedy [the plaintiff's] noncompliance"); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) (dismissing with prejudice Smith's complaint against the Montgomery Police

8

Department upon adoption of the magistrate judge's recommendation in which the magistrate judge found that "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that the Complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket.

Further it is ORDERED that the parties shall file any objections to this Recommendation on or before **October 31, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of October, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE